UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA OLSCHEWSKE, et al.,

    Plaintiffs,

    v.

ASBESTOS DEFENDANTS (B-P),

    Defendants.
_____/

No. C 10-1729 PJH

**ORDER DENYING MOTION TO REMAND**

Plaintiffs' motion for an order remanding the above-entitled action to the Superior Court of California, County of San Francisco, came on for hearing before this court on August 11, 2010. Plaintiffs appeared by their counsel Richard M. Grant, and defendant Rockwell Automation, Inc. ("Rockwell") appeared by its counsel Nichole Gage. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES the motion.

This is an action brought by the heirs of Thomas Olschewske, deceased, alleging injuries resulting from exposure to asbestos. Plaintiffs originally filed this action in December 2008, asserting claims against numerous defendants. On March 10, 2010, plaintiffs amended the complaint to substitute Rockwell Automation, Inc. ("Rockwell") for one of the "Doe" defendants.

On April 22, 2010, Rockwell removed the case, asserting federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). Rockwell contends that plaintiffs' claims against Rockwell

are based on the decedent's exposure to equipment allegedly supplied by the United States Navy – products that Rockwell claims would have been designed and manufactured in accordance with specifications provided by the United States Government, and designed and built under the direction and control of the U.S. Government and its officers.

The removing party bears the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). To remove a case falling within the federal-question grant of jurisdiction, the removing party must show that a federal question appears on the face of a well-pleaded complaint. Louisville & Nashville R.R. Co. v. Motley, 211 U.S. 149, 152 (1908). An actual or anticipated federal defense will not justify removal. Id.

However, removal under the federal officer removal statute is different, as it allows removal on the basis of a federal defense. Under 28 U.S.C. § 1442(a)(1), "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove the case to federal court. Removal is proper if the removing party can demonstrate (a) that it is a "person" within the meaning of the statute; (b) that there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) that it can assert a "colorable federal defense." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006); see Mesa v. California, 489 U.S. 121, 124-25 (1989)).

"[W]hen federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." Durham, 445 F.3d at 1252 (because it is important to the federal government to protect federal officers, removal rights under § 1442 are much broader than those under § 1441); see also Jefferson County v. Acker, 527 U.S. 423, 430-31 (1999) (under federal officer removal statute, suits against federal officers may be removed despite nonfederal cast of complaint). The asserted federal defense need only be "colorable" and not "clearly sustainable. . . . The officer need not win his case before he can have it removed." Willingham v. Morgan, 395 U.S. 402, 407 (1969).

Here, Rockwell claims that it is shielded from liability by the military contractor

defense. This defense "immunizes contractors who supply military equipment to the Government from the duties imposed by state tort law." In re Hawaii Fed. Asbestos Cases, 960 F.2d 806, 810 (9th Cir. 1992). The defense is appropriate when the defendant establishes that the United States approved reasonably precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in the use of the equipment that were known to the suppliers but not the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1998).

As the court indicated at the hearing, the amended complaint is largely incomprehensible. In particular, the complaint (or the version provided to the court) does not specify which particular Rockwell products are alleged to have contributed to the decedent's injuries. Nevertheless, plaintiffs argue that the case should be remanded because Rockwell cannot show a causal nexus between the claims asserted by the plaintiffs and the products produced by the defendant, and cannot "prove" that the federal contractor defense applies.

As an initial matter, to the extent that plaintiffs argue that Rockwell, as the party that bears the burden of proof on its affirmative defenses, must "prove" that the federal contractor defense applies in this case, the court disagrees. The cases clearly state that Rockwell may remove the case if it is able to articulate a "colorable" federal contractor defense – which is not the same thing as establishing that a defense applies to bar asserted claims.

Plaintiffs also argue that Rockwell cannot show a causal nexus between plaintiffs' claims and Rockwell's products because none of the military specifications provided by Rockwell required that the products or equipment include asbestos. At the hearing, the court asked counsel for Rockwell to indicate where, in the approximately 1000 pages of military specifications (written in minuscule font) attached to the Declaration of Thomas F. McCaffery, the court might find some indication that asbestos was "required" to be used in the manufacture of electrical components. Counsel for Rockwell was able to point to only one reference, in the specification for relays for electrical equipment, where the

3

specification stated, with regard to "molded plastic," that "[e]xisting stocks of molded parts using approved grades of asbestos-phenolic molding materials may be utilized until exhausted." In response, plaintiffs' counsel asserted that "may be utilized" does not mean "is required to be used."

However, the court has located other references in the specifications that are sufficient <u>for purposes of this motion</u> to show that the Navy required the use of asbestos as an insulating material in some types of electrical equipment. It is technically true, as plaintiffs assert, that Rockwell's declarant, Thomas F. McCaffery, "fails to cite any instance [in the voluminous specifications] that the U.S. Navy specified the use of asbestos in electrical switches or controllers." Nevertheless, the specification MIL-C-2174, "Controllers and Master Switches, Direct-Current," does describe various classes of insulation, and states that "Class B insulation consists of mica, asbestos, fiber glass, and similar inorganic materials in built-up form with organic binding substances," adding that "where Class B is specified no insulation having a lower temperature limit than Class B shall be used."

While this provision, and similar provisions in specifications for other equipment, may not directly and unequivocally state that "asbestos is required for 'x' product," as the emphasis in the specifications appears to be more on technical requirements as they pertained to the performance of insulating materials, the court finds that these references to the use of asbestos-containing insulation are sufficient to establish a connection between the U.S. Navy requirements as set forth in the specifications and plaintiffs' claims regarding exposure to asbestos via contact with Rockwell's products or equipment.

By contrast, in the cases cited by plaintiff – <u>Pippins v. Atlas Turner</u>, No. C-03-3006 WHA (N.D. Cal., Sept. 23, 2003); <u>Groombridge v. Asbestos Defendants</u>, No. C-00-1654 MMC (N.D. Cal., June 23, 2000) – the courts specifically noted that the word "asbestos" did not appear anywhere in the materials submitted by the defendants. Accordingly, the court finds that Rockwell has sufficiently established, for purposes of removal, that there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims.

4

Plaintiff's other main argument is that Rockwell cannot prove its federal contractor defense because it cannot show that it warned the U.S. Navy about hazards of asbestos that were unknown to the Navy. The court finds, however, that Rockwell has adequately established that the U.S. Navy's knowledge of the hazards of asbestos exposure from 1946 through the mid-1960s was "state of the art," as the established, peer-reviewed study on asbestos exposure was a report funded by the Navy and conducted at Navy shipyards. Thus, the court finds that Rockwell has asserted a "colorable" federal contractor defense.

The motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: August 11, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge