```
ALAN R. BRAYTON, ESQ., CA S.B. #73685
GEOFF T. SLONIKER, ESQ., CA S.B. #268049
Email: GSloniker@braytonlaw.com
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Facsimile)

Attorneys for Plaintiffs
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDA OLSCHEWSKE, as Wrongful Death Heir and as Successor-in-Interest to THOMAS OLSCHEWSKE, Deceased; and THOMAS R. OLSCHEWSKE and ELLAMAE PIKE, as Legal Heirs of THOMAS OLSCHEWSKE, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>ASBESTOS DEFENDANTS, *et al.*,<br><br>Defendants. | No. 3:10-cv-01729-CRB<br><br>**REQUEST FOR DISMISSAL OF DEFENDANT THOMAS DEE ENGINEERING COMPANY, WITH PREJUDICE; ORDER**<br><br>This document relates to:<br><br>*Linda Olschweske, et al. v. Asbestos Defendants, et al.,* United States District Court, Eastern District of Pennsylvania, Case No. 2:10-cv-78938-ER |

The parties request this Court dismiss defendant THOMAS DEE ENGINEERING COMPANY from this action with prejudice. Each party to bear its own fees and costs.

///

///

///

///

1
REQUEST FOR DISMISSAL OF DEFENDANT THOMAS DEE ENGINEERING COMPANY, WITH PREJUDICE; ORDER

| | | |
|---|---|---|
| 1 | Dated: March 5, 2013 | BRAYTON❖PURCELL LLP |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: _____ |
| | | Geoff T. Sloniker, Esq., CA S.B. #268049 |
| 6 | | GSloniker@braytonlaw.com |
| | | Tel: (415) 898-1555 |
| 7 | | Fax: (415)898-1247 |
| | | Attorneys for Plaintiffs |
| 8 | | |
| 9 | | |
| 10 | Dated: 3/12/13 | WALSWORTH FRANKLIN BEVINS & McCALL, LLP |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | By: _____ |
| 15 | | Michael T. McCall |
| | | Attorneys for Defendant |
| | | THOMAS DEE ENGINEERING COMPANY |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | Dated: March 13, 2013 | SO ORDERED: |

*IT IS SO ORDERED*
*Judge Charles R. Breyer*
*United States District Court, Northern District of California*

---

2
REQUEST FOR DISMISSAL OF DEFENDANT THOMAS DEE ENGINEERING COMPANY, WITH PREJUDICE; ORDER

## COMPROMISE AND RELEASE

1. Parties To Be Bound By Release ("Releasors"):

   a. Decedent's Successor-In-Interest: Linda Olschewske

   b. Decedent: Thomas Olschewske

   c. Plaintiffs: Linda Olschewske, Thomas R. Olschewske and Ellamae Pike;

2. Parties to be Released ("Releasees"):

   THOMAS DEE ENGINEERING COMPANY is the party to be released hereunder, together with all of its current and former agents, employees, officers, directors, associated and affiliated companies, divisions, successors or predecessors-in-interest, assigns and liability insurance carriers (collectively hereinafter referred to as the "Releasees") to the extent of their liability for the acts of THOMAS DEE ENGINEERING COMPANY or its predecessors-in-interest only (hereinafter "Settling Defendant"), and not for the acts of any other insureds or parties.

3. Preliminary Facts:

   a. The underlying facts giving rise to this Release involve the alleged exposure by Thomas Olschewske to asbestos and/or asbestos-containing products with which he came in contact during his lifetime. As a result there of, Releasors allege that decedent sustained personal injuries and ultimate death, and Releasors sustained injuries and consequential damages arising therefrom.

   b. As a result of said injuries and damages, an action was brought by Linda Olschewske and is currently pending in the United States District Court, Northern District of California, entitled "Linda Olschewske, et al. vs A.W. Chesterton Company, et al." and bearing Case No. 3:10-cv-01729-CRRB.

110617.006 DEE

c.    The Releasees desire to compromise and release all present and prospective claims arising between Releasors and Releasees as a result of said alleged occurrences referred to in paragraph 3(a) above without admitting responsibility therefore.

d.    Check All Boxes that Are Applicable; Medicare shall mean, as appropriate, Medicare as defined in the Social Security Act and/or all related agencies and divisions, including Medicare Advantage Organizations, and all contractors responsible for administering Medicare and MSP-related activities, the Centers for Medicare and Medicaid Services and the Medicare Secondary Payer Recovery Contractor.

☐    A.    **Any Exposure as to Releasee Claimed, Alleged or Specifically Released on or after 12/5/1980.** No settlement is full, final and enforceable until the completed current Form B is provided by Releasor(s) as to each Medicare eligible Plaintiff, decedent, and/or claimant unless otherwise agreed by the parties.

☐    The Releasor(s) [insert name(s)] is/are not Medicare eligible as documented on the attached affidavit.

☐    The Releasor(s) [insert name(s)] is/are Medicare eligible and there may be a Medicare reimbursement right. The parties expressly agree that payment of settlement proceeds is not conditioned upon Releasor(s) providing proof that all Medicare reimbursement claims and obligations have been satisfied. Rather, Releasees agree to forward the settlement proceeds to Releasor(s)' attorney within the agreed or designated time frame once this executed release has been provided by Releasor(s). Releasor(s)' attorney represents and warrants that he or she shall: (1) hold all settlement proceeds, less procurement costs (as that term is described in 42 CFR 411.37), in a client trust account or similar account to be used to reimburse Medicare; (2) provide Releasees with a copy of the final demand letter, waiver letter or no-conditional payment

letter issued by Medicare on or after the date of this agreement; and (3) provide Releasees with proof of full payment of the final demand or confirmation from Medicare that the claim(s) is not subject to reimbursement to Medicare prior to disbursing to the Releasor(s) or their heirs or assigns any settlement proceeds received from Releasees on or after the date of this agreement.

☐ In regard to Releasor(s) [insert loss of consortium or wrongful death claimant (LOC/WD) name] who was not exposed to asbestos for purposes of this settlement, [LOC/WD name] hereby represents and warrants that he/she had no bodily or psychological personal injury related to the injury of [insert name(s)] for which he/she received medical treatment or professional counseling. He/she waives any and all past, present and future claims for any such injury in this action. He/she is not waiving any claims that may exist from his/her personal exposure to asbestos. No funds need be held pending documentation from Medicare regarding [LOC/WD name] who claims loss of society or loss of consortium and attests that he/she sought no medical treatment. However, should Medicare seek reimbursement from this settlement for conditional payments related to [LOC/WD name], Releasor(s) are responsible for any and all repayment.

☒ B. **No Exposure as to Releasee Claimed, Evidenced or Specifically Released On or After 12/5/1980.** The Releasor(s) Thomas Olschewske was and Linda Olschewske is Medicare eligible. The Releasor(s) Thomas R. Olschewske and Ellamae Pike are not Medicare eligible. Releasor(s) has/have reviewed the underlying facts and evidence of this case, particularly the dates when Thomas Olschewske was alleged to have been exposed to Releasees' asbestos-containing products or to asbestos present on Releasees' premises or used by Releasees or as exposed by the acts or omissions of Releasees. Based on that review, Thomas Olschewske's exposure at issue as related to Releasees occurred entirely before Dec. 5, 1980, the

effective date of the Medicare Secondary Payer Act (42 U.S.C. §1395y)(the "Act") and there are no claims to the contrary. Releasor(s) represent and warrant the foregoing to be true and understand that Releasees have relied on these statements to conclude no reporting or reimbursement obligation exists within the meaning of the Act, more specifically, reporting under 42 U.S.C. §1395y(b)(8), and reimbursement under 42 U.S.C. §1395y(b)(2). Releasor(s)' Attorney represents and warrants that he/she has no information to the contrary in regard to exposure dates.

If this settlement becomes subject to a claim by Medicare despite the representations in the above paragraph, Releasor(s)' Attorney shall provide notice to Releasees within 10 days of knowledge of the claim by Medicare. If this settlement becomes subject to a claim by Medicare in advance of payment of the Settlement Funds to Releasor(s), Releasor(s)' Attorney shall hold the Settlement Funds, less procurement costs, equal to the amount of the claim by Medicare in an escrow account or client trust account without distributing the held funds to Releasor(s) or any other person or entity until the claim by Medicare has been satisfied or waived. If this settlement becomes subject to a claim by Medicare after payment of the settlement funds to Releasor(s), Releasor(s) and Releasor(s)' Attorney shall timely negotiate the claim by Medicare. Releasor(s) will satisfy the claim by Medicare whether through payment or obtaining a waiver. Releasor(s)' Attorney shall provide proof from Medicare of said resolution to Releasees timely upon receipt.

e.  **Indemnification related to Medicare**

As part of this settlement, Releasor(s) agree to hold Releasees harmless and to indemnify them against and from any Medicare claims, actions, judgments or settlements arising from the personal injuries that are the subject of this settlement, except to the extent of Releasees' failure to pay the settlement to Releasor(s). Such indemnification shall not exceed the settlement amount

and shall include costs, expenses, attorney fees, claims, actions, judgments, or settlements. If this settlement becomes subject to a claim by Medicare despite the representations in above section "d." such that Releasees' reporting obligations are triggered and/or that Releasor(s) are unable to reimburse Medicare, then the party obtaining knowledge of such claim shall provide notice to the other party within 10 days. Notwithstanding any other provision of this release to the contrary, Releasor(s) shall not be obligated to indemnify Releasees in relation to any fines or penalties which result solely from the actions of Releasees for failure to comply with MMSEA Section 111. Other than the terms and conditions in this section regarding indemnity, nothing in this agreement is intended to limit any other rights and/or available remedies in equity or law.

4. <u>Terms of Settlement</u>:

The total settlement involves payment of the sum of One Thousand Five Hundred and 00/100 ($1,500.00) to the Releasors by the Releasees.

5. <u>Terms and Conditions</u>:

In consideration of the payment of said sum and as a further consideration for this Release and Settlement, Releasors and Releasees agree as follows:

    a. Said persons understand that liability for said incidents is disputed by the parties herein released and that this Release is a good faith compromise and settlement of disputed claims and shall not be construed as an admission of liability. Releasors agree that this release shall not be admissible as evidence in any suit or proceedings whatsoever as an admission of any liability.

    b. The Releasors hereby release and forever discharge Releasees as set forth above, its parent and subsidiary corporations, and each of them, its agents, officers, directors, employees, predecessors in interest, successors or assigns, and liability insurance carriers, to the

extent of their liability for the acts of THOMAS DEE ENGINEERING COMPANY only or its predecessors-in-interest (hereinafter "Releasees"), and not for the acts of any other insureds or parties from any and all claims, demands, actions, or causes of action, known or unknown, including all injuries, damages and debts arising out of or in any way connected to or resulting from the subject referred to in paragraph 3(a) above, including the full and complete discharge from and waiver of any potential and future claims of the heirs of Thomas Olschewske including, but not limited to, actions for loss of consortium or wrongful death, caused or contributed to in any way by his exposure to or inhalation of asbestos, asbestos-containing dust, or the dust of any asbestos-containing product made, sold, distributed or installed by, or on the premises of, the Releasees.

  c. The Releasors agree to indemnify and hold harmless the Releasees from any and all future claims, other than cross-complaints or cross-actions of co-defendants, for the wrongful death of plaintiff Thomas Olschewske that would allegedly be caused or contributed to in any way by his exposure to or inhalation of asbestos dust of any asbestos-containing product made, sold, distributed or installed by, or on the premises of, the Releasees. All Releasors covenant and agree that they will not at any time hereafter commence, maintain or prosecute any actions at law or otherwise assert any claims against the above-named Releasees for damages, injuries or losses of any kind or amount arising out of any claims or causes of action that could be asserted in the future by said claimants as a result of the alleged asbestos-related disease of plaintiff Thomas Olschewske. However, this Release does not cover claims for injuries allegedly suffered by plaintiff's spouse and children because of their personal exposure to asbestos or property damage claims.

  d. Releasors shall cause to be abandoned and dismissed with prejudice all causes of

110617.006 DEE

action growing out of the incident referred to in paragraph 3(a) above as against Releasees only, including those matters specifically listed in this agreement that are currently pending in the United States District Court, Northern District of California, and authorizes his attorneys to dismiss the Releasees with prejudice from said action.

    e.    As a further material consideration and inducement for this Compromise and Release, the Releasors agree to hold harmless and indemnify the Releasees, up to the full amount of the proceeds of this settlement, from any and all claims or demands of subrogation or any medical, legal, workers compensation lien, or any and all governmental, private or public compensation liens, asserted by any person or entity that has furnished, supplied and/or paid or will furnish, supply and/or pay benefits, anything of value, or any form of compensation to or for the Releasors for any claimed expense, detriment or damage resulting to the Releasors from said alleged incidents.

    f.    Releasors warrant that they will use their best effort to cooperate in obtaining court approval of this release, including a determination that this settlement has been entered into in good faith, and that they will fully cooperate with Releasees and their counsel in their efforts to obtain the determination and an order dismissing cross-complaints.

    g.    The terms of this Release and Settlement are contractual and are not a mere recital. This Release and Settlement is executed without reliance upon any representations by any party concerning the nature and extent of the injuries or legal liability therefore, and the Releasors have carefully read and understand the contents of this contract and sign the same as their own free act.

    h.    Direct payment of the $1,500.00 total settlement is authorized to be made to BRAYTON ♦ PURCELL, as trustees for Thomas Olschewske.

i. The Court expressly retains jurisdiction over this proceeding and the enforcement hereof. Should any action or proceeding become necessary to enforce this agreement, or any provision thereof, the Prevailing Party in any such action or proceeding shall be entitled to recover, in addition to any other remedies or recoveries allowed hereunder, actual attorney fees and costs incurred, and the same shall be deemed reasonable.

_3/1/13_  
Date

_Linda Olschewske, Successor-In-Interest_ Successor In Interest

I am an attorney licensed to practice law in this State. This Release was executed with the approval, direction, and advice of BRAYTON ♦ PURCELL. Its provisions and their consequences have been fully explained to Releasors.

BRAYTON ♦ PURCELL

Dated: MAR 0 4 2013

By: _____  
Attorneys for Releasors

110617.006 DEE

## HOLD HARMLESS AGREEMENT

I, Linda Olschewske, on behalf of decedent, Thomas Olschewske, recognize that as part of the settlement of decedent's personal injury/wrongful death case the Releasees wish to obtain release and buy their peace with respect to potential claims that could be brought by decedent's estate or heirs. It is my intention and desire to conclude a settlement in which the Releasees will be released from decedent's personal injury/wrongful death claim and also from any potential claim for wrongful death that might follow.

My potential heirs are: Linda Olschewske, Thomas R. Olschewske and Ellamae Pike

I, on behalf of decedent's estate, agree to indemnify and hold harmless THOMAS DEE ENGINEERING COMPANY against any claims presented in the future by said heirs.

It is my wish and intention that should said heirs present a claim, decedent's estate will upon tender undertake to defend Releasees from said heirs' claims and, should such defense be unsuccessful, indemnify and hold harmless said Releasees against any judgement obtained by said heirs. I understand that this is a contractual undertaking on my part which is binding upon decedent's estate and is given by me on behalf of the estate in return for fair and valuable consideration - to wit, the agreement by the Releasees in reliance, in part, upon this document, to pay funds which the decedent's estate believes to be fair and reasonable in settlement of claims for decedent's personal injury/wrongful death.

DATED: 3/1/13
SIGNED: *Linda W. Olschewske, Successor i/n Interest*

Linda Olschewske, Successor-In-Interest

110617.006 DEE

## DECLARATION

I, the undersigned attorney for Linda Olschewske, hereby declare I, or members of my staff, have examined the signature of Linda Olschewske on the foregoing Compromise and Release and Hold Harmless Agreement, compared it to the signature we have on record, and that to the best of my knowledge and belief, said signature is authentic and genuine and said Compromise and Release was duly executed by Linda Olschewske under our direction and advice.

MAR 0 4 2013

_____          _____
Dated                              Attorney(s) for Plaintiff